UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81583-BLOOM/Reinhart

HOWARD COHAN,

    Plaintiff,

v.

NORTH-LAKE DONUTS, INC.
d/b/a DUNKIN' DONUTS,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant North-Lake Donuts, Inc.'s ("Defendant") Unopposed Motion for Judgment on the Pleadings, ECF No. [32] ("Motion"), with respect to Plaintiff Howard Cohan's ("Plaintiff") Amended Complaint, ECF No. [16] (the "Amended Complaint"). Plaintiff does not oppose the relief sought in this Motion. The Court has carefully reviewed the Motion, the Complaint, the record, and the applicable law. For the reasons set forth below, the Motion is granted.

Plaintiff, who suffers from a disability, initiated this action on November 15, 2018, for relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). The Amended Complaint alleges violations of the ADA relating to real property and business located at 4644 Lake Worth Rd., in Lake Worth, Florida (the "Property"). On January 31, 2019, Defendant filed its Answer, which "admitted to each and every allegation set forth in Plaintiff's Complaint." Mot. at 2. Accordingly, Defendant submits that "entry of judgment in favor of Plaintiff and against Defendant is appropriate at this time." *Id.* "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party

may move for judgment on the pleadings if there are no material facts in dispute. *See Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

"In order to prevail under Title III of the ADA, a plaintiff generally has the burden of proving: (1) that she is an individual with a disability; (2) that defendant is a place of public accommodation; and (3) that defendant denied her full and equal enjoyment of the goods, services, facilities or privileges offered by defendant (4) on the basis of her disability." *Schiavo ex rel Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla.), *aff'd sub nom. Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289 (11th Cir. 2005) (citing *Larsen v. Carnival Corp., Inc.*, 242

Case No. 18-cv-81583-BLOOM/Reinhart

F. Supp. 2d 1333, 1342 (S.D. Fla. 2003).  Here, Defendant has admitted to those allegations. Moreover, Defendant has admitted to Plaintiff's entitlement to attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 12205.  Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment on the Pleadings, **ECF No. [32]**, is **GRANTED**.

2. Defendant is **ORDERED** to remove the physical barriers to access and alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

3. The Clerk is directed to **CLOSE** this case.

4. The Court reserves jurisdiction to enter an award of reasonable attorneys' fees, litigation expenses, and costs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record